GOMEZ *et al. v.* GOMEZ.

(*Supreme Court, General Term, First Department.* November 18, 1892.)

ACTION AGAINST TRUSTEE—APPEAL PENDING REFERENCE.

Where a trustee was sued for an accounting, and an account was decreed, with costs, and a reference ordered to report whether plaintiffs' costs should be paid out of the trust estate, or by the trustee personally, he cannot, pending the reference, retain out of the trust estate the fees paid to his counsel in the action, as such course, if allowed, would forestall the referee's decision.

Appeal from special term, New York county.

Action by Edwin Gomez and others against Horatio Gomez for an account of trust moneys. From an order compelling defendant to pay over the income from certain real estate, defendant appeals. Affirmed.

Argued before O'BRIEN and BARRETT, JJ.

*Edgar J. Nathan,* (*Michael H. Cardozo,* of counsel,) for appellant. *Hector H. Hitchings,* for respondents.

BARRETT, J. The order appealed from required the defendant to pay over to the plaintiffs in this action one sixth part of the moneys received by him as their trustee for the quarter ending May 1, 1892. There is no dispute about the amount in the defendant's hands, due and payable to those entitled to this one sixth, and the only question presented by this appeal is whether the defendant had a right to deduct from such sum $280, the amount of a counsel fee and disbursements paid by him in the defense of this action. This action was brought to obtain an accounting from the defendant with regard to the estate in question, and thus far the plaintiffs have been successful, an interlocutory decree for such an accounting having been made at special term. In this interlocutory decree it was adjudged that these plaintiffs were entitled to their costs of the action, and it was referred to a referee to report whether such costs should be allowed to the trustee out of the trust estate, or whether he should be charged with them individually. It seems to us that, under these circumstances, the trustee's claim to deduct from the plaintiffs' one sixth of the income the fees paid to counsel, for services rendered in the effort to defeat the plaintiffs, was an extraordinary one. The real question, yet to be determined, is not whether the defendant should be indemni-

fied out of the plaintiffs' share for his unsuccessful resistance to the accounting claimed, but whether the plaintiffs should have the costs of their successful claim out of the estate or from the defendant personally. The defendant cannot be permitted, while such a question is pending, to forestall its decision; and of course it would forestall its decision to hold that the defendant was actually entitled to defend himself against the plaintiffs' claims out of the plaintiffs' own funds; for, if he is so entitled, he certainly cannot be charged personally with the plaintiffs' costs. .

The point that the *cestui que trust* could not assign his right to the income need not be considered, for the reason that the *cestui que trust* himself is a party plaintiff and also a party petitioner; and the order appealed from required the moneys to be paid to him and to his assignees jointly,—that is, to be paid to his and their attorney for him and them. The defendant will thus be amply protected; for if he be right in his position he will have the receipt of the *cestui que trust,* and if he be wrong he will have the receipt of the assignees. We think that the learned judge at special term was quite right in the order that he made, and his suggestion that the allowance or disallowance of the counsel fee and disbursements referred to should rest until the final decree was as favorable to the defendant as he had a right to expect. The order should be affirmed, with $10 costs and the disbursements of this appeal.